Battle, J.
 

 The objection to the form of-the action cannot prevail. It does not appear from the statement of the case whether the- alleged trespass was committed before, or after the marriage of
 
 the femes
 
 plaintiffs. If before, then the action of trespass
 
 vi et armis,
 
 in the names of the husbands and their wives is undoubtedly correct. If' after, there might be some doubt, but upon that we express ho opinion : because on the motion to nonsuit, we ought not to presume any thing against the plaintiffs, which with equal probability, might be presumed for them.
 

 The objection to the title of the plaintiffs upon the merits, is still more unfounded. The minutes of the County Court of Cumberland, at its June Term, 1823, showed that the sheriff did return a list of the lands, which he proposed to sell for the taxes due on the tax lists of 1821, which was read in open
 
 *62
 
 Court, and a copy set up in the court room, on which was mentioned the tract in question, the name of its owner, where it was situated, and the amount of the tax unpaid. All this was recorded j ust as the Act required, (see\l Nev. St. ch. 102, see. 52,) and thereby became, as was said in
 
 Kelly
 
 v.
 
 Craig,
 
 5 Ired. Rep., 129, something in the nature of a judgment. "Whether it was necessary for the purchaser, or one claiming under him, after producing this record in support of his title, to go farther and produce the tax list itself, which was returned by the sheriff, may admit of some question. The reasoning of the Court, in
 
 Kelly
 
 v.
 
 Craig,
 
 upon the intention of the Act of 1819, from which, 52d sec. of 102d ch. of the Nev. Stat., was taken, would seem to favor the idea that the record alone would be sufficient. “The intention of the Act of 1819,” says the Court, “ was to provide a more certain and probable notice to the owner, of the intended sale of his land, and of the reason therefor, by requiring it to be given in open court, at the term next preceeding the sale, and to be recorded; so that the rumor thereof, at least, might reach him; and that upon investigation, he might find at a known place, a permanent and certain evidence of the truth of the matter. So, too the bidders cannot be deceived by any false representations, as they can respecting advertisements in the country, or in a newspaper, as the evidence is of record, and at hand, and if they choose to look, they must know, whether the sheriff has done his duty by the owner or uot. If he has not, his sale ought not to pass the title, more than if it were by private contract, or was not made at the court house, or on a wrong day of the week; in all which cases, the wrongful conduct of the officer
 
 must
 
 be known to the bidder, and therefore his purchase ought not to stand. Indeed, the proceeding directed by the Act of 1819, is very much in the nature of a judgment; and a purchaser can as readily search for and find the one of record as the other, and therefore there is as little reason to dispense with the one as the other.” If it be true, then, that the production of the record of the sheriff’s return of the tax list be essential to the support of the purchaser’s title, why
 
 *63
 
 should the list itself be required ? That being a loose piece of paper, deposited in the clerk’s office, may be easily misplaced or lost, and therefore will not afford much protection to the owner against an unlawful sale of his land, or much security to the purchaser as a safe-guard to his title. Besides, in showing a judgment as the foundation of a title, it is not necessary to produce the preliminary proceedings, and we can see no reason for producing them in a case like this, where the recorded tax list is in the nature of a judgment.
 

 But if this be not so, we think the record was testimony sufficient to be left to a jury, that the tax list was in the hands of the sheriff, and was returned by him into open court as required by law. Ve think farther, that this testimony was admissible for that purpose, after it had been proved by the clerk that he had made diligent search for the paper and could not find it in his office.
 

 There is, in our opinion, no error in the judgment, and it must be affirmed.
 

 Judgment affirmed.
 

 Pee, Cueiah.